

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MITCHELL JENKINS,<br><br>Defendant. | Case No.: ~~E1458891-3/N17L~~<br><br>**ORDER** |

**I.  Introduction.**

Pending before the Court is government's Emergency Motion to Continue Bench Trial received on December 28. 2023. The government explains that Defendant was issued three citations under Bureau of Land Management in December 2022. Defendant made his initial appearance on July 13, 2023, with a trial date initially set for September 20, 2023. The parties twice stipulated to reschedule the bench trial in this matter, which trial is currently set for January 3, 2024. Defense counsel was contacted before the instant Motion was filed, but declined to agree to another continuance of Mr. Jenkins' trial.[1]

Government counsel explains she learned on December 27, 2023 that her primary witness, BLM Ranger Michaela Morris, is very ill with Covid. Ms. Morris is on the east coast, unable to travel, and unable to appear for the trial. The government cites 18 U.S.C. § 3161 in support of a continuance of the bench trial based on the absence and unavailability of a necessary witness who is expected to provide testimony, as well as lay the foundation for government exhibits, that is "the basis for all three counts" with which Defendant is charged. Government Motion at 3. The government further cites 18 U.S.C. § 3161(h)(7)(A) for the proposition that granting the continuance requested outweighs Defendant's strong desire to proceed with the bench trial on January 3, 2024. Specifically, the government argues that justice will be served by the requested

---

[1] The proximity of the trial date to the date the Emergency Motion (five calendar days only two of which are court days that precede the trial date), precludes a hearing on this matter. The Court, therefore, decides the issue presented based on the written arguments of the parties.

1

continuance. The government says Ranger Morris is essential to the preparation for and testimony at trial. Government's Motion at 4. The government further contends that "[p]roceeding to trial as scheduled prevents the government from being able to call the most percipient witness with the best first-hand knowledge" of the matters that will be before the Court. Id.

Defendant argues the delay in bringing this matter to trial is all on the government despite stipulating to two prior continuances. Defendant's Opposition at 3-4. Focusing on the foundation testimony Ranger Morris would provide, Defendant says this can be addressed through a stipulation. Id. at 4. Defendant further argues Ranger Morris' testimony would be cumulative of body camera footage (id.), a proposition with which the Court does not agree as testimony often fleshes out what is seen and sometimes only partially heard on body camera footage. Citing no authority in support of the proposition, Defendant argues the government should have to demonstrate why the information to which Ranger Morris could attest cannot be obtained through alternative means. Id. at 5. Defendant also takes issue with why Ranger Morris, who is said to be suffering from severe Covid, cannot testify by videoconference. The Court can only presume Defendant understands that when a witness is sick, perhaps very sick, with Covid, that witness may not be at his/her best, may not remember everything he/she would remember if not ill, and may not have the stamina he/she would ordinarily have when not ill. Finally, Defendant argues the government does not explain why it needs a thirty day continuance. Id. at 6.

## II. Discussion.

The Speedy Trial Act, 18 U.S.C. §§ 3161–3174, sets specific time limits in which federal criminal cases are to be charged and tried. "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date ... of judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, Section 3161(h)(1-7) of the Speedy Trial Act sets forth specific events which may cause delay that are excludable in computing the time interval, including the general proposition that allows exclusion for purposes of serving the ends of justice. Courts around the country have granted continuances under § 3161(h) for various reasons not all that dissimilar to the circumstance presented here.

*United States v. Stallings*, 701 Fed.Appx. 164, 170-71 (3d Cir. 2017) (prosecutor had "family emergency" requiring "out-of-state travel with no certain return date"); *United States v. Hale*, 685 F.3d 522, 533-36 (5th Cir. 2012) (primary case agent had "immediate and catastrophic family medical emergency"); *United States v. Richman*, 600 F.2d 286, 292, 294 (1st Cir. 1979) (informant hospitalized).

The Court in this instance considers 18 U.S.C. § 3161(h)(7)(B) stating, in relevant part: "The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows: (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. ... [and] (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, ... would deny ... the Government ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

Although two prior continuances were, according to Defendant, due to the government's failure to produce discovery, what is clear is that the present situation is not the result of a lack of diligence. The government cannot predict and did not cause its necessary and essential witness to become ill. Ranger Morris, the percipient witness to events that will be at issue, is stated to have COVID and to be quite ill. Justice is not served by requiring an ill witness to appear via video at a criminal trial specifically given that witness is for the government who has the burden to prove Defendant's guilt beyond a reasonable doubt.

The Court also has "[b]road discretion" to grant continuances. *Morris v. Slappy*, 461 U.S. 1, 11 (1983). "Trial judges necessarily require a great deal of latitude in scheduling trials." *Id.* Under the Speedy Trial Act, the Court may order a delay in a trial and exclude time "on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(A). The list of factors in Section 3161(h)(7)(B) for such a continuance and exclusion of time is non-exhaustive. 18 U.S.C. § 3161(h)(7)(B) (listing "[t]he factors, *among others*, which a judge shall consider") (emphasis added). The Court may

identify reasons beyond those listed so long as its findings are expressed on the record orally or in writing. *Id.*

The Court finds the government has established good cause for the continuance it seeks. The Court further finds that it does not generally allow remote appearance of witnesses at any trial and finds such practice particularly abhorrent in criminal trials. The Court must be able to weigh the credibility of witnesses at a bench trial and, as good as video appearances may be, they are not reliable and do not allow for the observations that come with in-person testimony.

**III.   Order.**

For each and all of the reasons stated above, IT IS HEREBY ORDERED that the Government's Emergency Motion to Continue Bench Trial is GRANTED.

IT IS FURTHER ORDERED that the bench trial of Mitchell Jenkins is continued to **January 31, 2024 at 10 a.m. in Courtroom 3D.**

DATED this 28th day of December, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE